### Lewis P. True *vs.* Susan Collins.

It is sufficient to fix the liability of the first indorser of a promissory note, if on the day of its dishonor a duplicate notice for him was inclosed by a notary to the second indorser, who, immediately after receiving it, deposited it in the post-office, properly addressed to him; although he lives in the same town where the note was payable and protested, and the second indorser lives in another town.

A notice addressed to " Mrs. Susan Collins, Boston," is *prima facie* sufficient to charge her as an indorser, if she lived in Boston.

CONTRACT by the second indorser against the first indorser of a promissory note, for $800, dated Boston January 4, 1861, signed by one Peckham, payable in four months after date to the order of the defendant, and by her indorsed to the plaintiff, who indorsed it to the Malden Bank.

At the trial in the superior court, before *Putnam*, J., it appeared that on the last day of grace a notary public in Boston received the note from the Bank of Mutual Redemption, to which it had been sent, bearing the indorsement of the Malden Bank, for collection, and demanded payment of the same from the maker, and, payment being refused, sent a notice thereof to the Malden Bank, as the last indorser, inclosing notices for the plaintiff and the defendant. On the morning of the day when these notices were received, which was the day after the dishonor of the note, the cashier of the Malden Bank deposited in the post-office the notice for the defendant, addressed to " Mrs.

Susan Collins, Boston;" and also notified the plaintiff, who paid and took up the note, at the Malden Bank.

The notary public testified that he did not know where the defendant lived, and there was no positive evidence to show that he tried to ascertain; and it appeared that her residence was in Boston, and her name was in the directory with her place of residence. The cashier of the Malden Bank testified that he did not know in what street in Boston the defendant lived. The plaintiff testified that he did know the street, but not the number, of her residence. The defendant never received the notice.

Upon these facts, the judge ruled that the plaintiff was entitled to recover, whereupon a verdict was taken for the plaintiff by consent, and the defendant alleged exceptions.

*G. S. Sullivan*, for the defendant.

*J. Q. A. Griffin*, for the plaintiff.

METCALF, J. It is conclusively settled that the notice to the defendant, which was put into the post-office by the cashier of the Malden Bank, was seasonable, and that it was sufficient to charge her as indorser, unless the letter containing that notice ought more particularly to have designated her place of residence, in order to make it a legal notice. *Eagle Bank* v. *Hathaway*, 5 Met. 212. *Fitchburg Bank* v. *Perley*, 2 Allen, 433. 3 Kent Com. (6th ed.) 108. Story on Bills, § 294. *Shed* v. *Brett*, 1 Pick. 401.

It is objected by the defendant's counsel, that the direction to " Mrs. Susan Collins, Boston," was defective ; that the street and number of her residence, which were in the Boston Directory, ought to have been added. And Bayley on Bills, (6th ed.) 280, 281, and Story on Notes, §§ 345, 346, are cited in support of the objection. It is also said, in Chit. on Bills, (10th Amer. ed.) 474, that " if the party reside in a city or large town, the direction should not be to him at that place generally, but [should] state the particular street or part of the town where he resides, or his trade or occupation." But the only decision cited in Bayley or in Chitty is *Walter* v. *Haynes*, Ry. & Mood. 149, where a notice was directed to an indorser of a bill of

exchange, " Mr. Haynes, Bristol," and Chief Justice Abbott decided that it was insufficient, without proof that it was received; because there might be, in a large town, many persons to whom so general an address might apply. That case, therefore, does not sustain Mr. Chitty's broad position. It decides only that a notice to a party who resides in a city or large town, is not sufficient, if it be directed to. him by his surname alone, without any special designation that may identify him. And in support of that precise point only is the case cited in Story on Notes, § 345. In the next section, the author cites no decision on the question whether a notice is sufficient, which is directed to an indorser in a city or large town, by his christian and surname alone, without any further direction as to his residence. But we understand him to express the opinion that such notice ought to be deemed sufficient, except when the name is very common — as John Smith — or where the party giving notice knows, or can by reasonable inquiries ascertain, the particular street where the indorser resides.

In the present case, we are of opinion, in the absence. of any authority to the contrary, that the notice to the defendant was sufficient to charge her on her indorsement. It does not appear that there was in Boston any other person of the same name. Nor does the bill of exceptions show that the Malden Bank or the notary omitted to ascertain or to do anything which was required by law, in order to render the defendant answerable to her indorsee.

If the notice in this case had been directed to " Mrs. Collins, Boston," without her first name, we should probably have held it to be insufficient, even without the authority of *Walter* v. *Haynes.* And we incline to the opinion that such a direction would be insufficient, *prima facie,* though the town to which it should be sent was not a large one. For we know that there are, in small towns, in this state, numerous persons of the same surname. *Exceptions overruled.*